UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANGEL PLACE, formerly known as Angel Kirk-Miles,

    Petitioner,

v.

PAULA MYERS,

    Respondent.
_____

Case No. 3:18-cv-01667-MC

**OPINION AND ORDER**

MCSHANE, Chief Judge.

  Petitioner brought this federal habeas action pursuant to 28 U.S.C. § 2254 challenging her state court convictions for Conspiracy to Commit Murder and Conspiracy to Commit Robbery in the First Degree. The Court denied the Petition, finding that Petitioner's grounds for relief were procedurally defaulted and that she failed to establish cause, prejudice, or actual innocence to excuse the default. Petitioner now moves for reconsideration of the Court's ruling that she conceded the default of part of Claim One.

1 - OPINION AND ORDER

Under Federal Rule of Civil Procedure 59, the Court may grant reconsideration if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). Similarly, Federal Rule of Civil Procedure 60(b) authorizes the Court to grant relief from judgments based on "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(2),(6). Petitioner fails to establish entitlement to relief under either Rule 59 or Rule 60.

In Claim One of her Second Amended Petition, Petitioner alleged that trial counsel was deficient by 1) failing to investigate the factual basis of the charged offenses and obtain witness statements and 2) failing to obtain a forensic psychological evaluation of Petitioner's mental capacity. Sec. Am. Pet. at 4-6. Respondent argued that both subparts of Claim One were unexhausted and procedurally barred from federal review because Petitioner failed to fairly present her claims to Oregon's highest court. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). I agreed, finding that the "record supports Respondent's argument and Petitioner concedes that her claims are unexhausted and procedurally defaulted." Opinion and Order at 7 (ECF No. 119).

Petitioner contends that the Court committed clear error by finding that she conceded the default of Claim One regarding trial counsel's alleged failure to obtain witness statements. While Petitioner agrees that she conceded default of the subpart alleging the failure to obtain a forensic examination, Petitioner argues that "[a]t no point did not concede default to the other Claim One sub-claim." Mot. for Recon. at 4. The record does not support Petitioner's argument.

2 - OPINION AND ORDER

In her three supporting briefs, Petitioner did not dispute Respondent's contention that both subparts of Claim One were procedurally defaulted. In fact, she presented no argument explaining how she fairly presented the subpart regarding witness statements to the Oregon Supreme Court. *See generally* Pet'r Brief (ECF No. 61); Pet'r Reply (ECF No. 99); Pet'r Sur-Reply (ECF No. 109). Instead, Petitioner argued that this Court could review her "procedurally defaulted ineffective assistance of trial counsel claims under the 'cause and prejudice' rule" and asserted that *Martinez v. Ryan* excused the default of those claims. Pet'r Brief at 28. In the context of this argument, Petitioner specifically referenced trial counsel's failure to investigate Petitioner's "actual innocence from both a factual and legal perspective" and counsel's alleged failure to conduct a "factual investigation into the circumstances of the crime." Pet'r Brief at 30, 31, 33. Petitioner also argued that her underlying claim was substantial, because counsel would have discovered "a host of exculpatory evidence" from witness statements that counsel should have obtained. *Id.* at 33. Given that Petitioner did not dispute Respondent's assertion of procedural default and instead presented argument to support cause and prejudice, I reasonably found that Petitioner conceded the procedural default of Claim One in its entirety.

Further, the record supported Respondent's argument regarding exhaustion and procedural default. Petitioner sought post-conviction relief (PCR) on her witness statement claim in state court and the PCR court denied relief, reasoning that the proffered witness statements would have been irrelevant, unavailable, or inadmissible at trial. Resp't Ex. 149 at 2-3. On appeal, Petitioner did not challenge the PCR court's factual findings or its conclusion that Petitioner failed to show the deficiency of counsel or resulting prejudice. Rather, Petitioner argued that the PCR court mischaracterized her claim and applied an erroneous legal standard. Resp't Exs. 150, 152. In her brief before the Oregon Court of Appeals, Petitioner argued that the

3 - OPINION AND ORDER

PCR court "erred by considering and deciding a claim that was different than the claim petitioner asserted in her petition for post-conviction relief" and asked the Court of Appeals to reverse and remand to allow the PCR court to apply the "correct framework." Resp't Ex. 150 at 18. In her Petition for Review before the Oregon Supreme Court, Petitioner similarly asked the Court "to allow review and address the issue of when a post-conviction court errs in considering a claim the petitioner did not raise." Resp't Ex. 152 at 2. In this context, the Oregon Supreme Court was asked to decide only whether the PCR addressed the correct claim and not the substance of Petitioner's ineffective assistance of counsel claim. Thus, Petitioner arguably did not present the substance of her witness statement claim to the Oregon Supreme Court in a context that would have allowed the Court "the opportunity to pass upon and correct alleged violations" of her Sixth Amendment rights. *Baldwin*, 541 U.S. at 29.

Finally, even if Petitioner did exhaust the subpart of Claim One regarding counsel's failure to obtain witness statements, Petitioner failed to show that the PCR court's rejection of this claim was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d). The PCR court found that the alleged witness statements were irrelevant and likely inadmissible at trial and rejected Petitioner's assertion that she would have rejected a plea had counsel obtained the proffered witness statements. Resp't Ex. 149 at 2-3. This Court must accept the factual and credibility findings of the PCR court, and based on the evidence of record, its decision was reasonable and entitled to deference. 28 U.S.C. § 2254(e)(1); *Mann v. Ryan*, 828 F.3d 1143, 1161 n.4 (9th Cir. 2016) (stating that federal courts "defer to the reasonable credibility determinations made by the state post-conviction court"); *Sophanthavong v. Palmateer*, 378 F.3d 859, 867 (9th Cir. 2004).

4 - OPINION AND ORDER

## **CONCLUSION**

Petitioner's Motion for Reconsideration (ECF No. 121) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of September, 2025.

                                                  s/ Michael J. McShane
                                                  MICHAEL J. MCSHANE
                                                  United States District Judge